UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

   Plaintiff,

v.                                           No. 4:23-cv-00079-P

**JENNIFER MURLEY,**

   Defendant.

## OPINION & ORDER

Before the Court is Plaintiff's Motion for Partial Summary Judgment on Count IV: Disgorgement (ECF No. 18). Having considered the briefing, evidence of record, and the applicable law, the Court concludes the Motion should be and hereby is **GRANTED.**

## BACKGROUND

Jennifer Murley ("Murley") prepared tax returns for compensation from 2014 to 2022 through her business, JMJM Services LLC ("JMJM"). The Internal Revenue Service ("IRS") issued Murley an Electronic Filing Identification Number ("EFIN") ending in '0293, which is used to monitor and regulate the electronic filing of tax returns. Murley's EFIN application stated she was doing business as a sole proprietorship under the name "Jennifer Murley."

In February 2017, the IRS discovered that a false tax return was filed under Murley's name for the tax year 2014 and terminated her EFIN. This left Murley, and JMJM, without a valid, active EFIN. But Murley continued preparing tax returns by misappropriating EFINs issued to others, and from 2019-2022, Murley's ill-gotten gains from her tax preparation services totaled at least $733,717.47.

The United States brought this action to enjoin Murley from preparing additional tax returns (Counts I-III) and disgorge her ill-gotten gains (Count IV). The Court previously granted partial default judgment against Murley on Counts I-III. ECF No. 10. When the United

States later sought default judgment on Count IV, Murley responded with a letter to the Court, which the Court broadly construed as an appearance by a *pro se* party. ECF Nos. 11-15. The United States now seeks summary judgment of Count IV through this Motion.

## LEGAL STANDARD

District courts have broad authority to issue orders and judgments "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). This includes the equitable remedy of disgorgement. *United States v. Stinson*, 239 F. Supp. 3d 1299, 1326 (M.D. Fla. 2017), *aff'd*, 729 Fed. Appx. 891 (11th Cir. 2018). The United States only has to show a reasonable approximation of Murley's ill-gotten gains—it need not prove them exactly. *Id.* at 1327. The burden then shifts to Murley to show that the approximation is not reasonable. *Id.*

Failure to file an answer denying allegations amounts to admissions except allegations "relating to the amount of damages." FED. R. CIV. P. 8(b)(6); *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 527 (5th Cir. 2021). Failure to respond to requests for admission also amounts to admissions, even for ultimate issues of fact. FED. R. CIV. P. 36(a); *Carney v. IRS (In re Carney)*, 258 F.3d 415, 419 (5th Cir. 2001) ("Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact.").

## ANALYSIS

The United States has shown that $733,717.47 is a reasonable approximation of the ill-gotten gains Murley acquired in fees charged between 2019-2022 by using misappropriated EFINs, and the funds are therefore subject to disgorgement. As outlined above, the Court may order disgorgement upon violation of the internal revenue laws. *See* 26 U.S.C. § 7402(a). The United States must show a reasonable approximation of funds subject to disgorgement, which then shifts the burden to Murley to show that the approximation is not reasonable. *Stinson*, 239 F. Supp. 3d at 1327.

Murley violated the internal revenue laws. EFINs enable the IRS to administer, monitor, and regulate electronic filing of tax returns. Suspension or termination of an EFIN is one of the sanctions the IRS uses to enforce those tax laws. In failing to respond to the United States' various requests for admission, Murley admitted that she did not possess a valid, active EFIN after her suspension in February of 2017. *See* FED. R. CIV. P. 36(a)(3). It is therefore admitted that neither Murley nor JMJM (1) had a valid, active EFIN assigned by the IRS from 2019-2022, and (2) the various EFINs used by Murley and JMJM during those years were misappropriated.

The United States approximation of $733,717.47 is a reasonable estimation of Murley's ill-gotten gains by using the misappropriated EFINs. In its initial complaint, the United States sought disgorgement of fees under 26 U.S.C. § 7402(a) for four categories of payments received by Murley.[1] In this Motion, the United States merely seeks disgorgement of the fourth category—ill-gotten gains Murley obtained from using improper EFINs assigned to others. And the fees included in the $733,717.47 are directly connected to Murley's well-documented pattern of misappropriating EFINs to file tax returns from 2019-2022. By limiting its request for disgorgement to tax returns in the fourth category and clearly showing a connection of the alleged funds to Murley's violation of the code, the United States has met its burden of demonstrating that $733,717.47 is a reasonable approximation of Murley's ill-gotten gains.

Moreover, Murley not only failed to respond to this Motion and demonstrate that such approximation was unreasonable, but she also failed to respond to additional requests for admission from the United

---

[1] The four categories included:

> "[M]aking false and/or fraudulent claims, including those that contain any fictitious Schedule C losses that the taxpayers did not incur or contain fictitious HSH; (2) that Murley prepared listing the '5641 PTIN; (3) that were prepared by or at one of Murley's tax preparation businesses but failed to list an EIN for Murley's tax-preparation business; and (4) Murley or her tax business filed for customers using an EFIN that the IRS had not assigned to Murley or to her tax preparation business."

ECF No. 1, ¶ 173.

States that "the profit from [her] tax preparation business was at least $733,717.47." *See* ECF No. 20, at 72. Therefore, the United States approximation is also deemed reasonable through admission.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the United States' Motion for Partial Summary Judgment on Count IV: Disgorgement.

**SO ORDERED** on this **24th day of October 2024.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE